UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MICHAEL BAILEY, | No. 2:24-cv-03231-JAM-AC |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| COUNTY OF STANISLAUS; DEPUTY LARSON; DEPUTY ROSE; DEPUTY GARCIA; CITY OF TURLOCK; DOE ONE; and DOES 2-10, inclusive. | |
| Defendants. | |

Before the Court is County of Stanislaus, Deputy Larson, Deputy Rose, and Deputy Garcia's (collectively, "Defendants") motion to dismiss David Bailey's ("Plaintiff") complaint for failure to state a claim. See Mot., ECF No. 16. Defendant City of Turlock does not join in the present motion and has separately answered the Complaint. See ECF No. 13. Plaintiff opposed Defendants' motion. See Opp'n, ECF No. 18. Defendants replied. See Reply, ECF No. 19. For the following reasons, Defendants' motion is granted with leave to amend.[1]

_____

[1]This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for April 22, 2025.

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This controversy arises out of the police shooting of Plaintiff's nephew, Kevin Frey.  See Compl. ¶ 57, ECF No. 1. Plaintiff filed his complaint ("the Complaint"), bringing causes of action under 42 U.S.C. Section 1983 and state law, as Mr. Frey's successor in interest.  See id. at 1.  Plaintiff alleges that Mr. Frey's mother, Judy Frey, was Mr. Frey's successor in interest at the time of his death, and that because Ms. Frey has since died, and Plaintiff was Ms. Frey's successor in interest, Plaintiff is now Mr. Frey's successor in interest.  See id. ¶¶ 4, 10.

Defendants move to dismiss Plaintiff's complaint for failure to state a claim.  See Mot.  Defendants argue that Plaintiff has not adequately pled his standing to bring this action as Mr. Frey's successor in interest.  See id. at 4-5.  Plaintiff counters that he alleged sufficient facts in the Complaint and in his subsequent declaration.  See Opp'n at 3.

II.   OPINION

A.   Legal Standard

A Rule 12(b)(6) motion challenges the sufficiency of a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Plausibility requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for

1    the misconduct alleged." Id.  While "detailed factual

2    allegations" are unnecessary, the complaint must allege more

3    than "[t]hreadbare recitals of the elements of a cause of

4    action, supported by mere conclusory statements." Id.

5    Conclusory allegations are not to be considered in the

6    plausibility analysis. Id. at 679 ("While legal conclusions can

7    provide the framework of a complaint, they must be supported by

8    factual allegations.").  When a plaintiff fails to "state a

9    claim upon which relief can be granted," the Court must dismiss

10   the claim.  Fed. R. Civ. P. 12(b)(6).  A complaint may be

11   dismissed for failure to adequately allege a plaintiff's

12   standing.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561

13   (1992).

14        B.   Analysis

15        "The party seeking to bring a survival action bears the

16   burden of demonstrating that a particular state's law authorizes

17   a survival action and that the plaintiff meets that state's

18   requirements for bringing a survival action." Moreland v. Las

19   Vegas Metro. Police Dep't, 159 F.3d 365, 369 (9th Cir. 1998).

20   In California, Civil Procedure Code Section 377.32 provides that

21   a person seeking to commence an action as a decedent's successor

22   in interest must show "facts in support" of the conclusion that

23   they are the "decedent's successor in interest."  Cal. Civ.

24   Proc. Code § 377.32.  Accordingly, "most federal courts to have

25   confronted the issue have found that plaintiffs must satisfy the

26   procedural requirements of section 377.32." Anderson v.

27   Hickman, No. CIV. S-07-1466LKKDAD, 2008 WL 2397470, at *1 (E.D.

28   Cal. June 11, 2008) (collecting cases).

3

1    The Court must first determine whether it can consider the

2    alleged facts that Plaintiff provided in his declaration

3    submitted after the filing of the Complaint. The Court finds

4    that it cannot consider this declaration in resolving this

5    motion to dismiss.

6     On a motion to dismiss, a district court cannot consider

7    evidence outside the pleadings unless it is a document attached

8    to the complaint, a document incorporated by reference in the

9    complaint, or a matter of judicial notice.  U.S. v. Ritchie, 342

10   F.3d 903, 908 (9th Cir. 2003).  In his declaration, Plaintiff

11   provides facts supporting the conclusions that Ms. Frey was Mr.

12   Frey's successor in interest and that, in turn, Plaintiff is Ms.

13   Frey's successor in interest.  See Declaration of David Bailey,

14   ECF No. 18-2. This declaration was not attached to the

15   Complaint.  It also was not incorporated by reference because

16   Plaintiff did not "extensively" refer to it in the Complaint,

17   nor does the declaration "form[] the basis" of Plaintiff's

18   claims.  See United States v. Ritchie, 342 F.3d 903, 908 (9th

19   Cir. 2003).  This document is also not proper for judicial

20   notice because the declaration's alleged facts cannot be

21   "accurately and readily determined from sources whose accuracy

22   cannot reasonably be questioned."  See Fed. R. Evid. 201(b)(2).

23   In the Complaint, Plaintiff summarily alleges that Ms. Frey

24   was Mr. Frey's successor in interest, and that Plaintiff is Ms.

25   Frey's successor in interest, which provides Plaintiff standing

26   to bring these claims as Mr. Frey's successor in interest.  See

27   id.  These allegations are legal conclusions, which the Court is

28   not bound to accept as true.  See Iqbal, 556 U.S. at 679.  There

1   are no factual allegations in the Complaint showing that Ms.

2   Frey was Mr. Frey's successor in interest, and there is a

3   similar lack of factual allegations supporting the inference

4   that Plaintiff is Ms. Frey's successor in interest.  Plaintiff

5   thus has failed to plead "facts in support" of the conclusion

6   that he is the "decedent's successor in interest."  See Cal.

7   Civ. Proc. Code § 377.32.  Accordingly, the Complaint is

8   dismissed.  See Fed. R. Civ. P. 12(b)(6); Lujan, 504 U.S. at

9   561.

10          C.   Leave to Amend

11          A court granting a motion to dismiss must then decide

12  whether to grant leave to amend.  Leave to amend should be

13  "freely given" where there is no "undue delay, bad faith or

14  dilatory motive on the part of the movant, . . . undue prejudice

15  to the opposing party by virtue of allowance of the amendment,

16  [or] futility of [the] amendment . . . ."  Foman v. Davis, 371

17  U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316

18  F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as

19  those to be considered when deciding whether to grant leave to

20  amend).  Dismissal without leave to amend is proper only if it

21  is clear that "the complaint could not be saved by any

22  amendment."  Intri-Plex Techs., Inc. v. Crest Group, Inc., 499

23  F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc.,

24  411 F.3d 1006, 1013 (9th Cir. 2005).

25          Here, leave to amend is granted because it is conceivable

26  that Plaintiff could plead factual allegations that show he has

27  standing to bring this action.  See Eminence Cap., LLC v. Aspeon,

28  Inc., 316 F.3d at 1052.  Leave to amend is not opposed by

Defendants, <u>See</u> Reply at 2, and will also not cause unnecessarily delay or prejudice to Defendants.

III.   ORDER

Defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND. If Plaintiff elects to file an Amended Complaint, he must do so within twenty (20) days of this Order.  Defendants shall file their response(s) to the Amended Complaint within twenty (20) days thereafter.

IT IS SO ORDERED.

Dated: April 14, 2025

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE