UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MICHAEL BAILEY,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF STANISLAUS; DEPUTY LARSON; DEPUTY ROSE; DEPUTY GARCIA; CITY OF TURLOCK; DOE ONE; and DOES 2 through 10, inclusive.<br><br>    Defendants. | No. 2:24-cv-03231-JAM-AC<br><br>**ORDER GRANTING MOTIONS TO DISMISS** |

    In this action, David Bailey ("Plaintiff") brings claims under Section 1983 and state law against the City of Turlock ("the City"), including City officer Doe 1, and the County of Stanislaus ("the County"), including County Deputies Larson, Rose, and Garcia.  Before the Court are two motions to dismiss.  First, the County and Deputies Larson, Rose, and Garcia move to dismiss for failure to state a claim (hereinafter, "the County Motion").  County Mot., ECF No. 24.  Plaintiff opposed, and the County replied.  See County Opp'n, ECF No. 28; County Reply, ECF No. 30.  Second, the City moves to dismiss for failure to state a claim (hereinafter, "the City Motion").  City Mot., ECF No. 27. Plaintiff opposed, and the City replied.  City Opp'n, ECF No. 31;

1

City Reply, ECF No. 32.  For the following reasons, the County's motion is granted with leave to amend and the City's motion is granted without leave to amend.[1]

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This controversy arises out of the police shooting of Plaintiff's nephew, Kevin Frey.  See First Amended Complaint ("FAC") ¶ 1, ECF No. 21.  Plaintiff filed his complaint ("the Complaint") as Mr. Frey's successor in interest, bringing causes of action under 42 U.S.C. Section 1983 and state law.  See id. at 1.  Plaintiff alleges that Mr. Frey's mother, Judy Frey, was Mr. Frey's successor in interest at the time of his death, and that because Ms. Frey has since died, and Plaintiff is Ms. Frey's successor in interest, Plaintiff is now also Mr. Frey's successor in interest.  See id. ¶¶ 4, 8.

The Court previously granted a motion to dismiss brought by the County.  Order, ECF No. 20.  The Court granted Plaintiff leave to amend to plead facts giving rise to his standing as Mr. Frey's successor in interest.  Id.  Plaintiff then brought his amended complaint, bringing seven claims: (1) excessive force under Section 1983 against Deputies Larson, Rose, and Doe 1; (2) false arrest and detention under Section 1983 against Deputies Rose, Larson, Garcia, Doe 1, and the County; (3) due process violation under Section 1983 against Deputies Larson, Rose, and Doe 1; (4)  municipal liability under Section 1983 against the County and the City; (5) battery against Deputy

---

[1] These motions were determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing for the County's motion was scheduled for July 1, 2025, and the hearing for the City's motion was scheduled for July 15, 2025.

2

1 Larson and the County; (6) negligence against all defendants; and
2 (7) violation of the Bane Act against all defendants.  See FAC
3 ¶¶ 67-143.
4    The County now moves to dismiss all claims brought against
5 it and its Deputies, arguing that Plaintiff still has not
6 adequately pled his standing to bring this action as Mr. Frey's
7 successor in interest.  County Mot. at 3-5.  Plaintiff responds
8 that an amendment of his complaint would cure the defects
9 identified by the County.  County Opp'n at 3.
10    The City moves to dismiss the three claims that Plaintiff
11 brought against it, arguing that Plaintiff cannot plausibly state
12 any claim.  City Mot. at 4-7.  Plaintiff responds that it has
13 sufficiently pled two of the claims.  See generally City Opp'n.
14                        II.   OPINION
15    A.   Legal Standard
16    A Rule 12(b)(6) motion challenges the sufficiency of a
17 complaint for "failure to state a claim upon which relief can be
18 granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to
19 dismiss [under 12(b)(6)], a complaint must contain sufficient
20 factual matter, accepted as true, to state a claim to relief
21 that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S.
22 662, 678 (2009) (internal quotation marks and citation omitted).
23 Plausibility requires "factual content that allows the court to
24 draw the reasonable inference that the defendant is liable for
25 the misconduct alleged."  Id.  While "detailed factual
26 allegations" are unnecessary, the complaint must allege more
27 than "[t]hreadbare recitals of the elements of a cause of
28 action, supported by mere conclusory statements."  Id.

3

1  Conclusory allegations are not to be considered in the
2  plausibility analysis.  Id. at 679 ("While legal conclusions can
3  provide the framework of a complaint, they must be supported by
4  factual allegations.").  When a plaintiff fails to "state a
5  claim upon which relief can be granted," the Court must dismiss
6  the claim.  Fed. R. Civ. P. 12(b)(6).  A complaint may be
7  dismissed for failure to adequately allege a plaintiff's
8  standing.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561
9  (1992).

10       B.   The County's Motion to Dismiss
11       "The party seeking to bring a survival action bears the
12  burden of demonstrating that a particular state's law authorizes
13  a survival action and that the plaintiff meets that state's
14  requirements for bringing a survival action."  Moreland v. Las
15  Vegas Metro. Police Dep't, 159 F.3d 365, 369 (9th Cir. 1998).
16  In California, Civil Procedure Code Section 377.32 provides that
17  a person seeking to commence an action as a decedent's successor
18  in interest must show "facts in support" of the conclusion that
19  they are the "decedent's successor in interest."  Cal. Civ.
20  Proc. Code § 377.32.  Accordingly, "most federal courts to have
21  confronted the issue have found that plaintiffs must satisfy the
22  procedural requirements of section 377.32."  Anderson v.
23  Hickman, No. CIV. S-07-1466 LKK/DAD, 2008 WL 2397470, at *1
24  (E.D. Cal. June 11, 2008) (collecting cases).
25       In the Complaint, Plaintiff alleges that Ms. Frey was Mr.
26  Frey's successor in interest because Mr. Frey had no will, was
27  unmarried, had no children, and his father predeceased him.  FAC
28  ¶ 10.  Under California Probate Code Section 6402, Ms. Frey

1 would be Mr. Frey's successor in interest under these alleged
2 facts because she was his mother.  See Cal. Prob. Code
3 § 6402(b).  Accordingly, Plaintiff adequately alleges that Ms.
4 Frey was Mr. Frey's successor in interest.

5     However, Plaintiff does not plausibly show that he is Ms.
6 Frey's successor in interest.  Plaintiff pleads that Ms. Frey
7 had no will, no surviving children, her parents were
8 predeceased, and her spouse was predeceased.  FAC ¶ 12.  Under
9 the Probate Code, however, a decedent's estate passes first to
10 their "issue," which includes all decedents of all generations.
11 Cal. Prob. Code §§ 50, 6402(a).  Accordingly, while Plaintiff
12 pleads Ms. Frey did not have any surviving children, his
13 allegations do not foreclose the possibility that she had other
14 surviving issue, such as grandchildren.  Because Plaintiff's
15 allegations do not support that he is the "decedent's successor
16 in interest," the Complaint must be dismissed.  See Cal. Civ.
17 Proc. Code § 377.32; Fed. R. Civ. P. 12(b)(6); Lujan, 504 U.S.
18 at 561.

19     The Court grants leave to amend as to all claims against
20 the County because Plaintiff could plead factual allegations
21 showing he has standing to bring this action.  See Eminence
22 Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir.
23 2003).  Indeed, attached to his opposition brief, Plaintiff
24 submitted a proposed amended complaint that seemingly cures the
25 deficient allegations regarding his status as Ms. Frey's
26 successor in interest, as Plaintiff seeks to allege that Ms.
27 Frey had no surviving issue when she died.  See Proposed Second
28 Amended Complaint ¶ 13, ECF No. 28-2.

     C.    The City's Motion to Dismiss

The City asks the Court to dismiss the following three claims: (1) municipal liability under Section 1983; (2) negligence; and (3) violation of the Bane Act. The Court addresses these claims in turn.

         1.    Municipal Liability

The Fourth Cause of Action alleges that the City is liable under Section 1983 for excessive force of its officers on the basis of failure to train, unconstitutional custom and practice, and ratification. FAC ¶¶ 99-114. To establish a Monell claim for excessive force against a municipality, a plaintiff must first establish that the municipality's officer violated the plaintiff's constitutional rights. Lockett v. Cnty. of Los Angeles, 977 F.3d 737, 742 (9th Cir. 2020). In the Complaint, Plaintiff does not plead that a City officer violated Mr. Frey's constitutional rights. Rather, this cause of action focuses entirely on the actions of the County's Deputies. See FAC ¶¶ 99-114. As such, this claim must be dismissed.

Confusingly, Plaintiff argues that he has not alleged a Monell claim against the City, and that the City's motion should therefore be denied as moot as to this claim. See City Opp'n at 6. But the title of Plaintiff's Fourth Cause of Action clearly identifies the City as a defendant. FAC at 13. To add to the confusion, Plaintiff spends much of his opposition brief arguing that Doe 1, a City police officer, should be held liable for failure to intervene. City Opp'n at 3-6. However, the City is not asking for any claim brought against Doe 1 to be dismissed,

6

and Plaintiff does not argue that the City is liable for the actions of Doe 1. Accordingly, the Court disregards this argument for purposes of this motion.

The Court denies leave to amend as to this claim. Because Plaintiff states that it "has not alleged a Monell claim against" the City, the Court concludes amendment is unnecessary.

### 2. Negligence

The Sixth Cause of Action alleges that the City is vicariously liable for Doe 1's negligence in not releasing a K9 to attack Mr. Frey; Plaintiff alleges that had Doe 1 released the K9, Mr. Frey would not have been shot. FAC ¶¶ 121-136. To establish a negligence claim, a plaintiff must show: (1) an individual had a legal duty to use due care; (2) the individual breached that legal duty; and (3) the breach was the proximate or legal cause of the resulting injury. Ladd v. Cnty. of San Mateo, 12 Cal. 4th 913, 917 (1996). In California, "there is no duty owed by police to individual members of the general public because a law enforcement officer's duty to protect the citizenry is a general duty owed to the public as a whole. Therefore, absent a special relationship or a statute creating a special duty, the police may not be held liable for their failure to provide protection." Alejo v. City of Alhambra, 75 Cal. App. 4th 1180, 1185 (1999) (citation omitted), disapproved of on other grounds by B.H. v. Cnty. of San Bernardino, 62 Cal. 4th 168 (2015).

Plaintiff's negligence claim fails as a matter of law. Because Doe 1 did not owe Mr. Frey a legal duty, Doe 1 cannot be held liable for negligence, and the City therefore cannot be

7

held vicariously liable. In his opposition brief, Plaintiff argues that Doe 1 did have a duty of care, relying on Hayes v. County of San Diego, 57 Cal. 4th 622 (2013). But in Hayes, the California Supreme Court held that police officers "have a duty to act reasonably when using deadly force." 57 Cal. 4th at 629 (emphasis added). Plaintiff does not allege that Doe 1 used deadly force. On the contrary, Plaintiff only alleges that Doe 1 did not release a K9 on Mr. Frey. Moreover, Plaintiff alleges that Deputy Larson was the officer who used deadly force when he shot and killed Mr. Frey. FAC ¶ 27.

The Court denies leave to amend as to this claim. Because Plaintiff does not sufficiently allege — or persuasively argue in his briefing — that Doe 1 owed Mr. Frey a duty of care, amendment would be futile because Plaintiff cannot establish that the City is vicariously liable for any negligence on the part of its officers.

Moreover, though the City only seeks dismissal of this claim against itself, the Court sua sponte dismisses this claim against Doe 1 because, as explained above, Plaintiff cannot possibly succeed on this claim as to Doe 1. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6). [citation] Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

### 3. Bane Act

The Seventh Cause of Action alleges that all defendants, including the City, violated the Bane Act. FAC ¶¶ 137-143. The Bane Act protects the exercise of constitutional or statutory

8

rights against interference or attempted interference by means of "threat, intimidation, or coercion." Cal. Civ. Code § 52.1(b). "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." Austin B. v. Escondido Union Sch. Dist., 149 Cal. App. 4th 860, 883 (2007) (citation omitted).

As the City points out, the Complaint is silent as to any facts demonstrating that the City or Doe 1 threatened, intimidated, or coerced Mr. Frey. See City Mot. at 7. The only relevant allegation Plaintiff pleads is that Doe 1 "attempted to interfere and did interfere with Mr. Frey's right to be free from unreasonable seizures by breaching his duty of care to Mr. Frey." FAC ¶ 142. This is a legal conclusion, which the Court is not bound to accept as true. See Iqbal, 556 U.S. at 679.

In his brief, Plaintiff argues that he satisfied the pleading requirements of a Bane Act claim, relying on Cornell v. City & County of San Francisco, 17 Cal. App. 5th 766 (2017). City Opp'n at 10. But in Cornell, the court held that "the use of excessive force can be enough to satisfy the 'threat, intimidation or coercion' element of" the Bane Act. 17 Cal. App. 5th at 799 (emphasis added). Plaintiff does not allege that any City officer used excessive force. Because Plaintiff does not meet the pleading requirements as to the City, this claim fails.

9

1          The Court finds that amendment would be futile because
2    Plaintiff cannot plausibly plead that a City officer violated
3    the Bane Act.  Plaintiff clearly alleges that the County
4    Deputies, not the City officers, were the ones who used
5    excessive force.  See FAC ¶¶ 27, 110, 116.  Indeed, the crux of
6    Plaintiff's argument is that Doe 1 failed to intervene, which
7    necessarily means Doe 1 did not use any force on Mr. Frey.  See
8    City Opp'n at 3-6.  Because Plaintiff cannot show that a City
9    officer used excessive force, he cannot establish a violation of
10   the Bane Act.  See Cornell, 17 Cal. App. 5th at 799.
11   Accordingly, the Court denies leave to amend as to this claim.
12         Moreover, just as with the negligence claim, the Court sua
13   sponte dismisses this claim against Doe 1 because Plaintiff
14   cannot possibly establish that Doe 1 violated the Bane Act.  See
15   Omar, 813 F.2d at 991.

                            III.   ORDER

17      For the reasons stated above, the County's Motion to Dismiss
18   at ECF No. 24 is GRANTED WITH LEAVE TO AMEND and the City's
19   Motion to Dismiss at ECF No. 27 is GRANTED WITHOUT LEAVE TO
20   AMEND.
21      Specifically, in his amended Complaint, Plaintiff may plead
22   facts giving rise to his standing as Mr. Frey's successor in
23   interest. He may not bring any claims against the City, as all
24   three claims brought against it in the First Amended Complaint
25   are dismissed with prejudice.  Plaintiff also cannot bring a
26   negligence or Bane Act claim against the City officer identified
27   as Doe 1 in the First Amended Complaint. Finally, Plaintiff may
28

                                  10

not add any new claims or theories of liability without prior authorization from the Court.

If Plaintiff elects to file an Amended Complaint, he must do so within twenty (20) days of this Order. The County and its deputies shall file their response to the Amended Complaint within twenty (20) days thereafter.

IT IS SO ORDERED.

Dated: July 7, 2025

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE